IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ANGELINA R.,[1]

      Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No. 6:18-cv-00571-AA
**OPINION AND ORDER**

AIKEN, District Judge:

    Angelina R. ("Plaintiff") brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied Plaintiff's application for Disability Insurance Benefits ("DIB") on April 4, 2017. For the reasons that follow, the Court AFFIRMS the Commissioner's Decision.

\\\

_____

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

## BACKGROUND

Plaintiff applied for SSI on June 23, 2014. Following denials at the initial and reconsideration levels, an administrative law judge ("ALJ") held a hearing and issued an unfavorable decision on April 4, 2017. After the Appeals Council denied her request for review, Plaintiff filed a timely complaint in this Court seeking review of the ALJ's decision.

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In reviewing the ALJ's findings, district courts act in an appellate capacity not as the trier of fact. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). The district court must affirm the ALJ's decision unless it contains legal error or lacks substantial evidentiary support. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citing *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Harmless legal errors are not grounds for reversal. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and internal quotation marks omitted). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the

Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon a claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis, determining: "(1) whether the claimant is 'doing substantial gainful activity'; (2) whether the claimant has a 'severe medically determinable physical or mental impairment' or combination of impairments that has lasted for more than 12 months; (3) whether the impairment 'meets or equals' one of the listings in the regulations; (4) whether, given the claimant's 'residual functional capacity,' the claimant can still do his or her 'past relevant work' and (5) whether the claimant 'can make an adjustment to other work.'" *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 20 C.F.R. §§ 404.1520(a), 416.920(a)).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ found that Plaintiff had the following severe limitations: "attention deficit hyperactivity disorder; major

depressive disorder; anxiety disorder; and status post spinal fractures." Tr. 23. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of a listed impairment.

The ALJ then assessed Plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e); § 416.920(e). The ALJ found that Plaintiff

> has the [RFC] to to perform sedentary work, as defined in 20 CFR 404.1567(a), that does not require more than frequent reaching, handling, fingering, pushing, or pulling; that does not require more than occasional climbing of ramps or stairs; that does not require more than occasional operation of foot control; that does not require climbing of ladders, ropes, or scaffolds; that does not require exposure to unprotected heights or extreme temperatures; that does not require more than occasional exposure to moving mechanical parts, motor vehicles operation, humidity, wetness, vibration, or pulmonary irritants; that consists of simple, routine tasks; that does not require more than occasional, superficial interaction with coworkers, supervisors, or the general public; and that does not require adaptation to more than occasional . . . changes in work situation or work setting.

Tr. 25. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform, including touch up screener, cutter/paster press clippings, and table worker. Accordingly, the ALJ found that Plaintiff was not disabled under the Act.

## DISCUSSION

There are two issues before me: (i) whether substantial evidence supports the ALJ's RFC determination, and (ii) whether the ALJ provided legally sufficient reasons for rejecting Plaintiff's subjective symptom testimony.

## I. Plaintiff's Residual Functional Capacity

Plaintiff argues that the ALJ erred in his limitations findings, but the error was that the ALJ found Plaintiff to have more restrictions than she actually has.

For example, Plaintiff explains that her mental examination tests only supported a finding of moderate limitations yet the ALJ treated those tests as indicative of marked limitations. Additionally, Plaintiff found the ALJ's hypotheticals to the vocational expert to be inaccurate because the ALJ included a limitation that Plaintiff did not have—but Plaintiff does not identify this extraneous limitation in her brief. Plaintiff also takes issue with the ALJ's characterization of Dr. Stoltzfus's medical assessment: she explains that the ALJ found Dr. Stoltzfus's medical opinion to impose more restrictions on Plaintiff's abilities than the evidence warranted.

A claimant's RFC is an administrative finding on the most that a claimant can do despite the limitations from her impairments. *See* 20 C.F.R. § 404.1545(a). The ALJ is ultimately responsible for making an RFC determination based on the evidence in the record. *See Rounds v. Comm'r of Soc. Sec.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC.").

Here, Plaintiff argues that the ALJ assessed limitations that were more severe than the evidence indicated. But the more limitations a claimant has, and the more severe that those limitations are, the less the claimant can do. This means that even if Plaintiff is accurately characterizing the ALJ's decision, she is in fact more capable

than the ALJ's RFC suggests. For example, if the ALJ had found that Plaintiff was capable of performing light work, she would also be capable of performing sedentary work. *See* 20 C.F.R. § 404.1567. Similarly, if the ALJ had found that Plaintiff was capable of performing work consisting of complex tasks, she would also be capable of performing work consisting of simple, routine tasks. *See id.* Plaintiff, then, could not have been prejudiced for the purposes of the ALJ's disability determination as her mental and physical functioning is likely better than the ALJ seemed to believe. Thus, any error would necessarily be harmless.

## II.    Plaintiff's Subjective Symptom Testimony

Plaintiff argues that the ALJ improperly pointed to inconsistencies to "justify general disbelief of [Plaintiff's] testimony." Pl.'s Br. at 10. Specifically, Plaintiff explains that the inconsistencies cannot be fairly characterized as evidence that "one or more of the individuals involved is lying." *Id.* Finally, Plaintiff argues that the Court cannot affirm the Commissioner's decision because the ALJ's decision is unclear and lack's sufficient specificity.

"[T]he claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of symptom." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (internal quotation marks and citation omitted). "If the claimant meets this threshold and there is no affirmative evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* The Court cannot second-guess the

judgement of the ALJ if his findings are supported by substantial evidence. *Id.* Determining credibility and resolving conflicts in the evidence is the job of the ALJ. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006).

Here, contrary to Plaintiff's assertion, the ALJ's opinion is sufficiently clear and specific to allow the Court to analyze his reasoning, and there is no evidence that the ALJ used the existence of inconsistencies in the record to claim that Plaintiff was lying. While Plaintiff explains that the discrepancies identified by the ALJ don't justify discounting her testimony, the problem with Plaintiff's argument, even if accepted, is that she simply provides her own interpretation of the evidence instead of explaining why the ALJ's opinion falls short of the applicable legal standard. After reviewing the ALJ's opinion, I find that the ALJ provided clear and convincing reasons for discounting Plaintiff's symptom allegations.

The ALJ noted that some of Plaintiff's statements in her function report are inconsistent with her hearing testimony. He reasonably found these inconsistencies as evidence that Plaintiff's claimed limitations were not as limiting as Plaintiff initially suggested in her function report, *i.e.*, Plaintiff's symptoms had improved since the initial examination dates. This finding was consistent with the ALJ's further observation that Plaintiff's lack of treatment evinced a much lesser degree of symptom severity than she had alleged in her disability application. *See* SSR 16-3p, 82 Fed. Reg. at 49, 463–66 ("[I]f the frequency or extent of the treatment . . . is not comparable with [a claimant's] subjective complaints, [the ALJ] may find the alleged intensity [to be] inconsistent with the overall evidence of record."). The ALJ noted

that for approximately the last two years, Plaintiff apparently did not need pain medication for her alleged hip and back injuries. In fact, Plaintiff did not see a general care provider for about a year since her initial injury. The ALJ also found Plaintiff's statements about her work activity to be inconsistent. This is because Plaintiff's recent work history report stated that she had not worked since May 2014 but during her live testimony she mentioned that she worked in 2015 and 2016, which was confirmed by her earnings records.

While the ALJ provides many other examples that bear on his decision to discount Plaintiff's testimony, all of them do not need recitation here as the point is the same: the ALJ provided clear and convincing reasons consistent with Ninth Circuit precedent in discounting Plaintiff's testimony. The ALJ thus concluded that Plaintiff's activities "support finding her functioning is not as limited as [she] asserts." Tr. 29. For the reasons mentioned, I agree.

## CONCLUSION

The Commissioner's decision is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 6th day of May, 2019.

_____
Ann Aiken
United States District Judge